UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEF FRIWAT, an individual,<br>Plaintiff,<br>v.<br>COUNTY OF SAN DIEGO; KELLY MARTINEZ, in her individual capacity; SHERIFF'S DEPUTY DOES 1-5; California Attorney General ROB BONTA, in his official capacity,<br>Defendants. | Case No.: 26-CV-993 JLS (VET)<br>**ORDER (1) GRANTING BONTA'S MOTION TO DISMISS AND (2) GRANTING IN PART AND DENYING IN PART THE COUNTY OF SAN DIEGO'S MOTION TO DISMISS**<br>(ECF Nos. 6, 7) |

Presently before the Court are Defendant Attorney General Rob Bonta's Motion to Dismiss (ECF No. 6) and Defendant County of San Diego's Motion to Dismiss ("MTD" ECF No. 7). The Court has also received Plaintiff Josef Friwat's Opposition to County Defendant's Motion to Dismiss ("Opp'n," ECF No. 8), Friwat's Non-Opposition to Attorney General Motion to Dismiss (ECF No. 9), and the County of San Diego's Reply ("Reply," ECF No. 10). Because Bonta's Motion is unopposed, the Court **GRANTS** the Motion (ECF No. 6). *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146–47 (9th Cir. 2004). Friwat's second and fourth causes of action are thus **DISMISSED**. And for the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** the County of San Diego's Motion (ECF No. 7).

**BACKGROUND**

This case stems from alleged violations of state and federal law that occurred during a criminal defendant's jail transfer. Friwat was arrested for tax-related offenses in San Diego, California. Complaint ("Compl."), ECF No. 1 ¶¶ 18, 20. But because the charges against him were brought in Sacramento County Superior Court, he needed to be transported from San Diego to Sacramento. *Id.* ¶ 22. Accordingly, San Diego County Sheriff's Deputies five-point shackled him and loaded him into the back of a Ford F450 truck (depicted below). *Id.* ¶ 30.



Friwat was placed on a metal bench inside the holding pen and was not provided a seatbelt as he began the hours-long trek to Sacramento. *Id.* ¶ 31. Friwat alleges that the shackling and lack of seatbelt, combined with the Sheriff's Deputy driving at an unreasonable speed, caused him to bounce off the metal seat and slam against the walls of the pen, resulting in intense neck and back pain. *Id.* ¶ 32. And when Friwat complained about the pain during a stop, a Deputy responded that "they were driving on California highways, which are full of potholes." *Id.* He was later diagnosed with a wedge compression fracture in his lumbar spine. *Id.* ¶ 36. Friwat alleges that this conduct violated 42 U.S.C. § 1983 and Cal. Civ. Code § 52.1 because his conditions of confinement posed a "substantial risk of serious harm," contravening his liberty interest under the Fourteenth Amendment. *See generally id.* He further alleges that these actions give rise to negligence and recklessness claims, as well as a violation of California Vehicle Code § 17001. *Id.*

/ / /

/ / /

## LEGAL STANDARD

Rule 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original).

To survive a 12(b)(6) motion, then, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (second alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court applies its "judicial experience and common sense." *Id.* (citation omitted). Further, "a district court must accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." *Wi-LAN Inc. v. LG Elecs., Inc.*, 382 F. Supp. 3d 1012, 1020 (S.D. Cal. 2019) (citing *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014)). Where a complaint does not survive 12(b)(6) review, the Court will grant leave to amend unless it determines that no modified contention "consistent with the challenged pleading . . . could cure the deficiency." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

/ / /

## DISCUSSION

### I. Section 1983 Claims

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or the laws of the United States was violated and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). As stated above, Friwat's claims here are premised on a due process violation of the Fourteenth Amendment. *See Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment."). To bring such a claim, one must show that a government official deliberately deprived him of his life, liberty, or property. Friwat brings claims against the County and the individual Sheriff's Deputies—both fail.

#### ***A. Friwat Fails to State a Claim Against the Sheriff's Deputies***

The elements of a Fourteenth Amendment due process claim against individual officers are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). Under the third element, "the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[] on the facts and circumstances of each particular case.'" *Id.* (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015)). But under this same element, a "'mere lack of due care by a state official' is not enough to show a constitutional violation." *Alexander v. Nguyen*, 78 F.4th 1140, 1145 (9th Cir. 2023) (quoting *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018)). Rather, the plaintiff "must prove more than

negligence but less than subjective intent—something akin to reckless disregard." *Gordon*, 888 F.3d at 1125.

It appears that no Ninth Circuit case has addressed whether a plaintiff can state a due process claim when a government actor failed to secure him with a seatbelt during transport. *See Rich v. Ahern*, No. 18-CV-06267-EMC, 2019 WL 2744831, at *2 (N.D. Cal. July 1, 2019). But many other circuit courts, as well as district courts in the Ninth Circuit, have held that merely being transported without seatbelts does not give rise to a constitutional violation. *Id.* (collecting cases). This is true even when the detainee has also been shackled. *See Jabbar v. Fischer*, 683 F.3d 54, 56 (2d Cir. 2012). On the other hand, courts have found that additional allegations demonstrating a high degree of risk, such as reckless driving, can be sufficient to state a claim. *Id.*; *see, e.g., Brown v. Fortner*, 518 F.3d 552, 559–60 (8th Cir. 2008) (triable issues precluded summary judgment for defendants where plaintiff was shackled and unable to fasten seatbelt, and driver drove recklessly and ignored requests by inmate-passengers to slow down before one jail van slammed into another jail vehicle); *Rogers v. Boatright*, 709 F.3d 403, 406–09 (5th Cir. 2013) (claim stated where inmate not allowed a seatbelt and guard allegedly was "driving the van recklessly, darting in and out of traffic at high speeds" and had to "brake hard to avoid hitting a vehicle," which caused inmate to be thrown head-first into the side of the holding cage).

The Court finds this reasoning persuasive. A lack of seatbelt, in and of itself, does not present a "substantial risk of serious harm." *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 906 (8th Cir. 1999). Thus, Friwat must demonstrate that the Deputies' made some other "intentional decision" that created a substantial risk of serious harm. *Castro*, 833 F.3d at 1071. He fails to do so.

Friwat alleges that a combination of three actions (or inactions) created this substantial risk: (1) the lack of seatbelt, (2) the shackling, and (3) driving at "unreasonably

high rates of speed."[1] Compl. ¶ 40. As established above, the first two actions are insufficient. So to state a valid claim, driving at an "unreasonable" speed must have increased the risk of harm to a "substantial" level. It did not for two reasons. First, this statement is conclusory. Nowhere in his Complaint does Friwat explain why or how the driving speed was "unreasonable." For example, he does not allege what the speed was, what the speed limit was, or how fast the car was moving in relation to other cars. Absent additional facts, the Court cannot credit this statement.[2] *Ashcroft*, 556 U.S. at 664 ("[Conclusory statements] are not entitled to the assumption of truth."). And given that he was placed in a holding pen with limited visibility, completely segregated from the driver's compartment of the vehicle (*see* image above), the Court is skeptical that Friwat has information sufficient to remedy these deficiencies.

Second, even if he pled more facts, the Court does not find that excessive speed necessarily amounts to intentional conduct or exhibits reckless disregard for Friwat's safety. As *Gordon* held, mere negligence on the part of the Deputies is not enough to establish a due process violation. And "speeding alone is generally insufficient to rise to the level of recklessness." *Osolinski v. Corr. Officer Assigned as Transportation Officer at Pleasant Valley State Prison (John Doe 1)*, No. 15-CV-1884-DAD-MJS (PC), 2016 WL 6298516, at *4 (E.D. Cal. Oct. 26, 2016) (citing *Schwendeman v. Wallenstein*, 971 F.2d 313, 316 (9th Cir. 1992)).

/ / /

---

[1] In his Opposition, Friwat also claims that the driver made "jerky and careless movements." Opp'n at 4. However, "[a]ny factual allegations found in the opposition but not the complaint will not be considered." *Schwenk v. Chula Vista Police Dep't*, No. 11-CV-2069-L JMA, 2012 WL 1354055, at *2 n.1 (S.D. Cal. Apr. 18, 2012) (citing *Farr v. United States*, 990 F.2d 451, 454 (9th Cir. 1993)).

[2] Friwat claims that the "facts in *Brown v. Fortner* are on point here" because the Deputy "refused to provide a seatbelt and drove recklessly." Opp'n at 4 n.3. But the facts presented in *Brown* are far more robust. There, "in addition to the failure to fasten Brown's seatbelt," he "offered evidence [as opposed to conclusory statements] that Fortner was driving in excess of the speed limit, following too closely to the lead van, crossing over double-yellow lines, and passing non-convoy cars when the road markings clearly prohibited doing so." *Brown v. Fortner*, 518 F.3d 552, 559 (8th Cir. 2008). Such facts, as opposed to the threadbare allegations here, certainly demonstrate recklessness.

Friwat's § 1983 claim against the Sheriff's Deputies is thus dismissed.

***B. Friwat's Claims Against the County Are Defective***

To hold a municipality liable under § 1983, the plaintiff must prove that constitutional violations were caused by a municipal policy or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 692 (1978); *Black Lives Matter Los Angeles v. City of Los Angeles*, 113 F.4th 1249, 1257 (9th Cir. 2024). There are four elements to this *Monell* claim: "(1) [the plaintiff] had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) 'the policy is the moving force behind the constitutional violation.'" *Gordon*, 6 F.4th at 973 (quoting *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011)).

This custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" policy. *Monell*, 436 U.S. at 691. And "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996), *holding modified by Navarro v. Block*, 250 F.3d 729 (9th Cir. 2001). Moreover, the plaintiff must demonstrate that the municipality's custom "reflects deliberate indifference to the constitutional rights of its inhabitants." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989). As a result, there can be no *Monell* claim when the plaintiff fails to prove a constitutional injury. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Here, because Friwat has insufficiently pled a constitutional injury, his claims against the County fall short. But even if he adequately pled such an injury, Friwat fails to demonstrate the existence of a County custom. His allegations regarding this custom boil down to one sentence: "On information and belief, the San Diego Sheriff's Office has an established procedure of transporting pretrial detainees in this vehicle or ones just like it, under circumstances posing serious and avoidable risks of harm." Compl. ¶ 44. But once again, these allegations are wholly conclusory. Friwat neglects to explain what these risk-

posing circumstances are, nor does he allege any facts regarding the "duration, frequency, [or] consistency" of this custom. *Trevino*, 99 F.3d at 918; *see also Alston v. Cnty. of Sacramento*, No. 2:18-CV-2420-TLN-CKD (PS), 2024 WL 5125889, at *7 (E.D. Cal. Dec. 16, 2024), *aff'd*, No. 25-888, 2026 WL 2241778 (9th Cir. Aug. 4, 2026). Both of his § 1983 claims are thus dismissed.

## II. Bane Act Claims

### *A. Friwat's Bane Act Claim Against the Deputies and County Cannot Survive Without a Constitutional Violation*

The California Bane Act, codified at Cal. Civ. Code § 52.1, "creates a cause of action against a person if that person 'interferes by threat, intimidation, or coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States.'" *Sandoval v. Cnty. of Sonoma*, 912 F.3d 509, 519 (9th Cir. 2018) (quoting Cal. Civ. Code § 52.1(a)). But a Bane Act claim "requires proof of an underlying constitutional violation." *Williamson v. City of Nat'l City*, 23 F.4th 1146, 1155 (9th Cir. 2022). So without such a violation, "a Bane Act claim cannot proceed." *Hollamon v. City of Los Angeles*, 709 F. Supp. 3d 992, 1006 (C.D. Cal. 2023), *aff'd,* No. 24-341, 2025 WL 927310 (9th Cir. Mar. 27, 2025). Because Friwat's pleading deficiencies doomed his due process claim, his Bane Act claims go down with it.[3]

### *B. The County is Not Immune from a Bane Act Claim*

The County also argues that it is immune from Bane Act liability under Cal. Gov't Code §§ 815 and 844.6, MTD at 8, meaning that Friwat's claim against the County should be dismissed with prejudice. Not so.

Municipalities can be held liable under two potential theories: direct liability or vicarious liability. Section 815 provides a baseline rule that immunizes municipalities from

---

[3] Friwat also bases his Bane Act claims on the allegation that his Fourth Amendment rights were violated due to the "unsafe conditions of [his] confinement." Compl. ¶ 62. To state a § 1983 claim based on the Fourth Amendment, he must show that Defendants' conduct resulted in an unreasonable search or seizure. *Sandoval*, 912 F.3d at 515. But the rest of Friwat's Complaint is devoid of allegations establishing that an unreasonable search or seizure occurred. *See generally* Compl.

*direct* liability, absent an exception contained in a more specific statute. Cal. Gov't Code § 815; *Barber v. Cnty. of Orange*, No. SACV2100031CJCJDEX, 2021 WL 2981015, at *3 (C.D. Cal. Apr. 29, 2021); *Towery v. State of California*, 14 Cal. App. 5th 226, 233 (2017), *as modified* (Aug. 14, 2017). Municipalities, however, can be held *vicariously* liable for the acts of their employees. Cal. Gov't Code § 815.2; *Eastburn v. Reg'l Fire Prot. Auth.*, 31 Cal. 4th 1175, 1180 (2003). It is unclear whether the Bane Act provides a specific exception to § 815's general immunity rule. *Est. of Sanchez v. Cnty. of Stanislaus*, No. 1:18-CV-00977-ADA-BAM, 2023 WL 7612399, at *32 (E.D. Cal. Nov. 14, 2023) (citing *Towery*, 14 Cal. App. 5th at 233–34). But the Court need not decide that here; Friwat appears to only plead a Bane Act claim against the County based on vicarious liability. *See* Compl. ¶¶ 61–67; Opp'n at 6. Because § 815.2, rather than § 815, applies, the County is not immune from liability.

The County also argues that it is immunized under § 844.6, which shields public entities from liability for injuries to prisoners. Cal. Gov't Code § 844.6. It points to *Towery*, which held that the Bane Act did not abrogate the immunity granted in § 844.6. 14 Cal. App. 5th at 234–35. But *Towery* was decided in 2017, and in 2022, the California legislature revoked § 844.6 immunity for Bane Act violations. *See* Cal. Civ. Code § 52.1(n); *Ramirez v. Cnty. of San Diego*, No. 24-CV-366-MMA-BLM, 2024 WL 2219012, at *11 (S.D. Cal. May 15, 2024). Thus, the County's § 844.6 argument also fails.

## III. Negligence

To state a negligence claim, a plaintiff must show that: (1) the defendant owed a legal duty to the plaintiff, (2) the defendant breached this duty, and (3) the defendant's breached proximately caused the plaintiff's injuries. *Wiener v. Southcoast Childcare Centers, Inc.*, 32 Cal. 4th 1138, 1145 (2004).

### *A. The Deputies Owed Friwat a Legal Duty*

"The existence of a duty of care is a question of law to be determined by the court alone." *Lum v. Cnty. of San Joaquin*, 756 F. Supp. 2d 1243, 1254 (E.D. Cal. 2010) (citing *Ballard v. Uribe*, 41 Cal. 3d 564, 572 n.6 (1986)). The Deputies argue that they owed no

duty to Friwat because no section of the California Vehicle Code requires that inmates in correctional vehicles be secured with seatbelts. But a duty need not be imposed by statute; it can derive from common law too. *Rattagan v. Uber Techs., Inc.*, 17 Cal. 5th 1, 28 (2024) ("A duty of care may arise through statute' or by operation of the common law."). And "[i]t is well established that police officers and jailers owe a duty to exercise reasonable and ordinary care for the life and health of individuals under their custody." *Hart v. Cnty. of Mendocino*, No. 25-CV-04501-RFL, 2026 WL 986261, at *6 (N.D. Cal. Apr. 13, 2026) (citing *Giraldo v. Dep't of Corr. & Rehab.*, 168 Cal. App. 4th 231, 248–49 (2008)). Thus, the Deputies owed Friwat a duty to "act with reasonable care." *Lum v. Cnty. of San Joaquin*, 756 F. Supp. 2d 1243, 1255 (E.D. Cal. 2010).

### *B. Friwat Has Adequately Alleged Breach*

"Breach occurs when the defendant's conduct falls below the standard of care." *Janice H. v. 696 N. Robertson, LLC*, 1 Cal. App. 5th 586, 597 (2016) (citing *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001)). Breach is "ordinarily" a question of fact "for the jury's determination." *Baca v. John Muir Health*, No. 21-CV-04898-JSW, 2022 WL 16972489, at *6 (N.D. Cal. Nov. 16, 2022) (citing *Johnson v. Prasad*, 224 Cal. App. 4th 74, 83 (2014)).

Here, the Court finds the allegations in the Complaint sufficient to demonstrate a breach. Although the allegations regarding speeding are conclusory, it is plausible to believe that failing to secure a shackled detainee with a seatbelt, particularly an older detainee with no criminal history (Compl. ¶¶ 36, 42), falls below the standard of care that the Deputies owed to Friwat. *Alston v. Cnty. of Sacramento*, No. 21-15325, 2023 WL 2387588, at *2 (9th Cir. Mar. 7, 2023) (holding that the district court erred in dismissing a negligence claim against sheriff's deputies because the plaintiff "plausibly alleged that by failing to fasten his seatbelt in the patrol car, [the deputies] breached their duty of care"). A reasonable person in the Deputies' shoes may well have thought it prudent to buckle Friwat or provide him with less restrictive restraints, allowing him to better protect himself from injury.

### *C. Friwat Has Sufficiently Pled Causation*

The "causation element of negligence requires the plaintiff to establish that the defendant's breach of duty was a substantial factor in bringing about the harm." *Frausto v. Dep't of California Highway Patrol*, 53 Cal. App. 5th 973, 996 (2020). It too is a fact question within the jury's purview. *Id.* "The substantial factor standard is a relatively broad one, requiring only that the contribution of the individual cause be more than negligible or theoretical." *Rutherford v. Owens-Illinois, Inc.*, 16 Cal. 4th 953, 978 (1997). Once again, the Court finds it plausible that the failure to secure a shackled detainee was a substantial factor in Friwat's back injuries. *Alston*, 2023 WL 2387588, at *2. Had Friwat been adequately secured or less restrained, there is a good chance that he would not have been injured.

Accordingly, the County's Motion to Dismiss Friwat's negligence claim is denied.[4]

## IV. Recklessness

As an initial matter, Friwat does not cite, nor is the Court aware of, any authority establishing recklessness as a standalone cause of action under California law.[5] *See Grappo v. McMills*, 11 Cal. App. 5th 996, 1014 (2017) ("California does not recognize a distinct cause of action for 'gross negligence' independent of a statutory basis."). But even if California did recognize such a cause of action, Friwat's claim would still fail. "Gross negligence is the exercise of so slight a degree of care as to raise a presumption of conscious indifference to the consequences." *Brown v. El Dorado Union High Sch. Dist.*, 76 Cal. App. 5th 1003, 1027 (2022) (quoting *People v. Watson*, 30 Cal. 3d 290, 296 (1981)). This

---

[4] As explained above, the County can be held vicariously liable for the actions of its employees under Cal. Gov't Code § 815.2. As a result, Friwat's seventh cause of action for "vicarious liability" against the County can stand.

[5] It appears to the Court that California Vehicle Code § 17001 does not provide an independent cause of action either. Rather, it creates an exception to the general immunity rule provided in Cal. Gov't Code § 815 for injuries caused by a negligent act of an employee of a public entity while operating a motor vehicle. *See* Cal. Veh. Code § 17001; *Barry v. Cnty. of Riverside*, No. EDCV211770JGBKKX, 2022 WL 2063248, at *7 (C.D. Cal. Jan. 27, 2022); *Preciado v. Cnty. of Orange*, No. 8:25-CV-01751-FWS-JDE, 2026 WL 2365596, at *2 (C.D. Cal. Aug. 14, 2026). Accordingly, Friwat's eighth cause of action is dismissed.

standard is nearly identical to the standard for Friwat's § 1983 claim. Because he failed to state a claim there, his recklessness claim fails too.

**CONCLUSION**

In light of the foregoing, the Court **GRANTS** Bonta's Motion to Dismiss (ECF No. 6) and **GRANTS IN PART** the County's Motion to Dismiss (ECF No. 7). Counts 1, 2, 3, 4, 6, and 8 of Friwat's Complaint are thus **DISMISSED**. However, because the Court does not find that granting leave to amend would be futile, dismissal is **WITHOUT PREJUDICE**. The County's Motion is **DENIED** with respect to Counts 5 and 7.

Friwat **MAY FILE** an amended complaint within thirty (30) days of the electronic docketing of this Order. Should he elect to file an amended complaint, he must cure the deficiencies noted herein and the amended complaint must be complete in itself without reference to his prior complaint. *See* S.D. Cal. CivLR 15.1. Any claims not realleged in the amended complaint will be considered waived. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925, 928 (9th Cir. 2012). ***Should Friwat fail to file an amended complaint within thirty (30) days of the electronic docketing of this Order, this action will proceed as to only his fifth and seventh causes of action***.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Janis L. Sammartino
Hon. Janis L. Sammartino
United States District Judge